IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-25 |
| | ) | (JARVIS/GUYTON) |
| DAVID P. ESSERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 31, 2005, for a scheduling conference. Assistant United States Attorney Michael Winck was present for the government. Attorney A. Philip Lomonaco represented the defendant, who was also present.

The parties made a joint, oral motion to reset the response deadline, pretrial conference, and trial date in this case. They agreed that additional time was necessary in order to have adequate time to address the motions filed by the defendant and to prepare for trial. They requested that the Court reset the response deadline to July 5, 2005, and to reset the other dates in accord with that deadline. Defense counsel informed the Court that he had discussed the defendant's speedy trial rights with the defendant. He said that the defendant understood that he would remain in jail pending a new trial and that the continuance was necessary to prepare his case for trial. The Court questioned the defendant, who was sworn. The defendant stated that he understood that he would remain in custody until his new trial date and that he did not object to the requested continuance.

1

The Court finds the joint, oral motion to continue the June 9, 2005 trial date to be well taken, and it is **GRANTED**. The Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court observes that the defendant has four motions pending, two of which will require evidentiary hearings and two of which relate to events that occurred in California. The government still has to respond to the defendant's motions and then the Court will hold hearings on them. Following those hearings, the Court will need time, not to exceed thirty days, to issue orders and reports and recommendations on the motions. 18 U.S.C. § 3161(h)(1)(J). Thereafter, the parties will need time to make objections to the reports, and the District Court will need time to rule upon the reports and any objections thereto. 18 U.S.C. § 3161(h)(1)(J). Finally, the parties will need time to prepare for trial in light of the rulings on these issues. See 18 U.S.C. § 3161(h)(8)(B)(iv). The Court finds that all of this could not take place before the June 9, 2005 trial date or in less than five months, despite the use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

In light of these findings and its granting of the motion, the Court set a new trial date of **November 2, 2005**. The Court further finds that all of the time between the oral motion to continue at the **May 31, 2005** hearing and the new trial date of **November 2, 2005**, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(J), -(8)(A)-(B).

With regard to additional scheduling, the Court set a new response deadline for **July 5, 2005**. The Court also scheduled two hearing dates in this case. The parties are to appear on **July 29, 2005, at 9:00 a.m.**, for a hearing on the defendant's Motion to Produce Physical Evidence [Doc. 27] and Motion to Suppress Search in California and All Resulting Evidence, Including the Fruits of the Poisoned Tree [Doc. 32]. The Court will hold a hearing on the defendant's Motion to Suppress the

2

Fruits of a Coerced and Threatened Consent to Search [Doc. 28] on **August 4, 2005, at 10:00 a.m.** Defense counsel stated that he was working with UPS to gain the information sought in his Motion for an Order Allowing Discovery and for an Order to Maintain the Scene [Doc. 30]. He said that he was not presently seeking to have that motion heard by the Court. Accordingly, the Court will hold that motion [Doc. 30] in abeyance to be heard, if necessary, at a later date. Finally, the Court set a pretrial conference for **October 20, 2005, at 9:00 a.m.**

> Accordingly, it is **ORDERED:**
>
> (1) The parties' joint oral motion to continue the trial is **GRANTED;**
>
> (2) The trial of this matter is reset to commence at **9:00 a.m., on November 2, 2005,** before the Honorable James H. Jarvis, United States District Judge;
>
> (3) All time between the **May 31, 2005** hearing and the new trial date of **November 2, 2005**, is fully excludable time under the Speedy Trial Act for the reasons set forth above;
>
> (4) Responses are due on or before **July 5, 2005**;
>
> (5) Motion hearings are set for **July 29, 2005, at 9:00 a.m.**, on Documents 27 and 32 and **August 4, 2005, at 10:00 a.m.**, on Document 28;
>
> (6) The defendant's Motion for an Order Allowing Discovery and for an Order to Maintain the Scene [Doc. 30] is held in abeyance; and
>
> (7) The parties are to appear before the undersigned for a pretrial conference on **October 20, 2005, at 9:00 a.m.**
>
> **IT IS SO ORDERED.**
>
>             **ENTER:**
>
>              s/ H. Bruce Guyton
>             United States Magistrate Judge